UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JIANGSU GTIG ESEN CO., LTD.,

                Plaintiff,

          v.

AMERICAN FASHION NETWORK, LLC, AND JES
APPAREL, LLC,

                Defendants.

**COMPLAINT AND JURY
DEMAND**

Civil Action No.5:20-cv-222 (MAD/ATB)

---

Plaintiff JIANGSU GTIG ESEN CO., LTD., by and through its attorneys, Bond,

Schoeneck & King, PLLC, alleges for its complaint against Defendants AMERICAN

NETWORK FASHION, LLC and JES APPAREL, LLC, as follows:

1.  This action involves claims for breach of contract; UCC § 2-709, action for

price; accounts stated; and unjust enrichment, for which Plaintiff seeks payment.

## PARTIES

2.  Plaintiff Jiangsu Gtig Esen Co., Ltd., (hereinafter "JGEC") is a corporation

formed under the Laws of the People's Republic of China with its principal place of

business at 17A, Guotai Time Plaza, Remning Road, Zhanhijgang City, Jiangsu, China

215600.

3.  Upon information and belief, Defendant American Fashion Network, LLC

(hereinafter "AFN") is a New York limited liability company, organized under the laws of the

State of New York, with its principal place of business at 5852 Heritage Landing Drive,

East Syracuse, New York, 13057.

3502388.2

4.  Upon information and belief, Defendant JES Apparel, LLC (hereinafter "JES Apparel") is a Delaware limited liability company, with its principal place of business at 8104 Cazenovia Road, Manlius, New York, 13104.  (AFN and JES Apparel hereinafter collectively "Defendants").

## JURISDICTION AND VENUE

5.  This Court has diversity jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars ($75,000).

6.  The Plaintiff is incorporated under the laws of the People's Republic of China and has its principal place of business in the Jiangsu Province, People's Republic of China.

7.  AFN is incorporated under the laws of the State of New York and AFN and JES Apparel have their principal places of business in the State of New York.

8.  Venue is proper in the Northern District of New York, pursuant to 28 U.S.C. § 1391, as Defendants conduct business within or have their principal places of business in the State of New York in the Northern District.

## STATEMENT OF FACTS

9.  Plaintiff manufactures, ships, and delivers specialty garment products.

10. Defendants' contracted with Plaintiff to manufacture, ship, and deliver a variety of garments for Defendants upon Defendants' request.  In exchange, Defendants agreed to pay Plaintiff for the garments ordered and provided.

2

3502388.2

11. Defendants requested garments from Plaintiff through purchase orders that Defendants delivered to Plaintiff.

12. Upon receipt of the purchase orders, Plaintiff filled those purchase orders by manufacturing, shipping, and delivering the requested products to Defendants and/or third-party retailers on behalf of Defendants.

13. Plaintiff would then issue invoices to Defendants reflecting the amount to be paid for the products manufactured by Plaintiff and shipped to Defendants and/or third-party retailers on behalf of Defendants.

14. Between July 13, 2017 and April 16, 2018, Plaintiff and Defendants executed one hundred and sixty-seven (167) purchase orders (hereinafter the "Purchase Orders") for the manufacture and delivery of certain garments (hereinafter the "Product"), which are identified by the following purchase order numbers:

11357019; 11357020; 11357021; 11391460; 11397870; 11397869; 11397867; 11397866; 11428344; 11429124; 11429122; 11428862; 11428864; 11428865; 11423055; 11427152; 11427150; 11427151; 11469895; 11469894; 11488551; 11488553; 11488555; 11488554; 11487263; 11487262; 2098324; 2098331; 2102902; 2102918; 2102901; 2102917; 2101061; 2101043; 2101062; 2098668; 2098701; 2099474; 2099475; 2099516; 2098978; 2099010; 2098671; 2098704; 2104238; 2104104; 11522915; 11522914; 11514391; 11521561; 1705391; 1705407; 1705409; 11619752; 11572753; 11572745; 1706006; 1706007; 2112012; 2112753; 2112330; 2112742; 2111873; 2112735; 2111997; 2112749; 2112010; 2112094; 2111996; 2112748; 2112009; 2112093; 2112011; 2112752; 2112013; 2112754; 2111998; 2112750; 1706680; 1706681; 1707130; 1707094; 25657111; 25657112; 26306505; 26306510; 1711381; 11591213; 11591214; 11610434; 11610433; 11610432; 11597606; 11597604; 11633909; 11633701; 11632155; 11632155; 2113835; 2113848; 2115836; 2115897; 2113836; 2113849; 2113807; 2113860; 2113829; 2113847; 2113950; 2113956; 2113806; 2113859; 2113935; 2113938; 11633849; 11634434; 11634431; 11634436; 11634435; 11725848; 11709926; 11709934; 11709953; 2121317; 2121327; 1736793; 1736969; 1736969; 29397733; 1736971; 30335023; 1744118; 23966504; 1736714; 29338010; 1736691; 1736691; 1736721; 1736721; BYS29354920; BYS29354922; 1736789; 1736789; 1736795; 1736792; 1745674; 1744065; 30333805; 2126104; 2126210; 2123336; 2126209; 2123331; 2126207; 2123332; 2126208; BYS30317336; 1743922;

3

BYS30325533; BYS31241611; 1745518; BYS30322583; 1743533; BYS29397950; 11796542; 11779728; 11779727.

15. Pursuant to those Purchase Orders, the Plaintiff manufactured, shipped and delivered the Product ordered to Defendants and/or third-party retailers on behalf of Defendants.

16. Once shipped, Plaintiff received a Forwarder's Cargo Receipt (hereinafter "FCR") for each of the 167 Purchase Orders, certifying that the Product was received by the carrier chosen to deliver the Product to Defendants and/or third-party retailers on behalf of Defendants.

17. Defendants have not rejected or refused to accept any of the Product that Plaintiff manufactured, shipped, and delivered to and/or on behalf of Defendants.

18. Plaintiff delivered one hundred and sixty-four (164) invoices (hereinafter collectively the "Invoices") to Defendants for the Product that Plaintiff ordered between July 13, 2017 and April 16, 2018 and that Plaintiff manufactured, shipped, and delivered for and on behalf of Defendants.  The Invoices are identified by the following invoice numbers:

GESI1704022140; GESI1704022141; GESI1704022142; GESI1704022143;
GESI1704022149; GESI1704022150; GESI1704022138; GESI1704022139;
GESI1704021082; GESI1704021080; GESI1704021081; GESI1704022146
GESI1704022147; GESI1704022148; GESI1704022154; GESI1704022151;
GESI1704022153; GESI1704022152; GESI1704022159; GESI1704022160;
GESI1704022156; GESI1704022155; GESI1704022157; GESI1704022158;
GESI1704021083; GESI1704021084; GESI170403233211; GESI170403233216
 GESI170403233400; GESI170403233401; GESI170403233402;
GESI170403233403; GESI170403233301; GESI170403233302;
GESI170403233303; GESI170403233404; GESI170403233405;
GESI170403233406; GESI170403233408; GESI170403233409;
GESI170403233410; GESI1704032334111; GESI1704032334112;
GESI1704032334113; GESI170403233500; GESI170403233501;
GESI1704022162; GESI1704022161; GESI1704021085; GESI1704022163;
GESI1704011180; GESI1704011187; GESI1704022168; GESI1704022169;
GESI1704022170; GESI1704011183; GESI1704011186; GESI170403233601;
GESI170403233602; GESI170403233603; GESI170403233604;

3502388.2

GESI170403233605; GESI170403233606; GESI170403233607;
GESI170403233608; GESI170403233609; GESI170403233610;
GESI170403233611; GESI170403233612; GESI170403233613;
GESI170403233614; GESI170403233615; GESI170403233616;
GESI170402126101; GESI170402126102; GESI170402126103;
GESI170402126104; GESI1704011196; GESI1704011197; GESI1704011190;
GESI1704011191; GESI1704011192; GESI1704011198; GESI1704011199;
GESI1704011200; GESI1704022171; GESI1704022172; GESI1704022500;
GESI1704022500-1; GESI1704022500-2; GESI1704022173; GESI1704022174;
GESI1704022176; GESI1704022177; GESI1704022178; GESI170402126201;
GESI170402126202; GESI170402126203; GESI170402126204;
GESI170402126205; GESI170402126206; GESI170402126207;
GESI170402126208; GESI170402126209; GESI170402126210;
GESI170402126211; GESI170402126212; GESI170402126213;
GESI170402126214; GESI170402126215; GESI170402126216; GESI1704022179
GESI1704022181; GESI1704022180; GESI1704022183; GESI1704022182;
GESI1804022005; GESI1804022001; GESI1804022003; GESI1804022004;
GESI180402120101; GESI180402120102; GESI1804011005; GESI1804011008;
GESI1804011009; GESI1804011010; GESI1804011011; GESI1804011026;
GESI1804011027; GESI1704011201; GESI1804011013; GESI1804011016;
GESI1804011017; GESI1804011018; GESI1804011024; GESI1804011025;
GESI1804011001; GESI1804011002; GESI1804011003; GESI1804011004;
GESI1804011006; GESI1804011007; GESI1804011019; GESI1804011028;
GESI1804011029; GESI180402120201; GESI180402120203;
GESI180402120202; GESI180402120204; GESI180402120205;
GESI180402120207; GESI180402120206; GESI180402120208;
GESI1804011020; GESI1804011021; GESI1804011022; GESI1804011023;
GESI1804011014; GESI1804011030; GESI1804011031; GESI1804011015;
GESI1804022008; GESI1804022007; GESI1804022006.

19. The Invoices were issued to American Fashion Network, LLC and were delivered electronically to employees, agents and/or representatives of Defendants.

20. Under the terms of the Invoices, Defendants were required to remit payment to Plaintiff within ninety days of the "Factory Date" listed on each of the Invoices.

21. Defendants have failed to remit full payment of the Invoices to Plaintiff.

22. As a result, Defendants owe Plaintiff $4,257,827.70.

3502388.2

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as if set forth fully herein.

24. Defendants issued Purchase Orders to Plaintiff for Product to be manufactured by Plaintiff.

25. Pursuant to the Purchase Orders issued by Defendants, Plaintiff manufactured, shipped and delivered the Product to Defendants and/or third-party retailers on behalf of Defendants.

26. Plaintiff issued Invoices to Defendants for the Product that Plaintiff manufactured, shipped and delivered to Defendants and/or third-party retailers on behalf of Defendants.

27. Defendants were required to remit payment to Plaintiff within ninety days of the "Factory Date" listed on each of the Invoices.

28. Defendants have failed to make full payment of the Invoices to Plaintiff.

29. Specifically, Defendants failed to pay the principal amount of $4,257,827.70 to Plaintiff for the Product.

30. Defendants breached contractual agreement memorialized in the Purchase Orders and Invoices.

31. Plaintiff sustained damage as a result of Defendants' breach.

32. As a result of the breach, Defendants are liable to Plaintiff for the principal amount of $4,257,827.70, plus pre-judgment interest.

3502388.2

## SECOND CAUSE OF ACTION
## UCC § 2-709 ACTION FOR PRICE

33. Plaintiff repeats and realleges paragraphs 1 through 32 as if set forth fully herein.

34. Plaintiff and Defendants established a valid arrangement and agreement whereby Plaintiff agreed to provide certain products to Defendants in return for payment from Defendants.

35. Pursuant to the parties' arrangement and agreement, Defendants ordered Product from Plaintiff and agreed to remit payment to Plaintiff for the Product within ninety days of the "Factory Date" listed on each of the Invoices.

36. Pursuant to Defendants' requests, Plaintiff manufactured, shipped and delivered the Product, and provided Defendants with corresponding Invoices.

37. Defendants accepted and retained the Product and Invoices without timely objection thereto.

38. The 90-day term listed on each of the Invoices expired and the payments for the Product are past due.

39. Despite accepting the delivered goods and receiving the Invoices therefore, Defendants failed to remit to Plaintiff the total payment due for the Product.

40. Specifically, Defendants failed to pay the principal amount of $4,257,827.70 owed to Plaintiff for the Product.

41. As a result of the Defendants' failure to pay for the Product that Defendants requested, received, and accepted, Plaintiff has been damaged and may recover the principal amount of $4,257,827.70, plus pre-judgment interest and incidental damages.

3502388.2

## THIRD CAUSE OF ACTION
## ACCOUNT STATED

42. Plaintiff repeats and realleges paragraphs 1 through 41 as if set forth fully herein.

43. Plaintiff manufactured and delivered the Product and issued the corresponding Invoices to Defendants.

44. Defendants accepted and retained the Product and Invoices without timely objection thereto.

45. The Invoices set forth a true and accurate account between Plaintiff and Defendants.

46. Defendants are liable to Plaintiff under the doctrine of accounts stated for the principal amount of $4,257,827.70, plus pre-judgment interest.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

47. Plaintiff repeats and realleges paragraphs 1 through 46 as if set forth fully herein.

48. It would be against equity and good conscience to allow Defendants to retain the benefit of the Product Plaintiff manufactured, shipped and delivered without paying for it.

49. Defendants have been unjustly enriched at Plaintiff's expense in the principal amount of $4,257,827.70, plus pre-judgment interest.

**WHEREFORE**, Plaintiff demands judgment against Defendants in the principal amount of $4,257,827.70, plus pre-judgment interest, costs, attorneys' fees, disbursements, and any additional or further relief deemed just and proper.

8

3502388.2

## JURY DEMAND

Plaintiff demands trial by jury.

Dated:  February 27, 2020

BOND, SCHOENECK & KING, PLLC

By:_____

Brian J. Butler (510105)
Taylor E. Reynolds (700877)
*Attorneys for Jiangsu Gtig Esen Co., Ltd.*
Office and P.O. Address
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000

9

3502388.2