UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**JIANGSU GTIG ESEN CO., LTD.,**

          **Plaintiff,**

 vs.               5:20-CV-222
                   (MAD/ATB)
**AMERICAN FASHION NETWORK, LLC and
JES APPAREL, LLC,**

         **Defendants.**
_____

APPEARANCES:         OF COUNSEL:

**BOND SCHOENECK & KING, PLLC**  **BRIAN J. BUTLER, ESQ.**
One Lincoln Center         **TAYLOR E. REYNOLDS, ESQ.**
Syracuse, New York 13202
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

  Plaintiff commenced this action on February 27, 2020, asserting breach of contract, an action for price under UCC § 2-709, account stated, and unjust enrichment. *See* Dkt. No. 1. Upon expiration of Defendants' time to answer the complaint, Plaintiff requested entry of default, which the Clerk of the Court entered on April 13, 2020. *See* Dkt. No. 10. On May 9, 2020, Plaintiff moved for default judgment, which the Court granted on June 24, 2020. *See* Dkt. Nos. 12 & 19. Specifically, the Court entered judgment against Defendants American Fashion Network, LLC ("AFN") and JES Apparel LLC ("JES") in the amount of $4,979,437.53. *See* Dkt. No. 19.

After judgment was entered, Defendant AFN disputed that the entire amount of the judgment was due and payable, and openly contemplated, through its counsel, moving the Court to vacate or reduce the award. *See* Dkt. No. 24-2 at ¶ 4. Plaintiff and Defendant AFN decided to negotiate their disagreements and ultimately entered into a settlement agreement. *See id.* at ¶ 5. The settlement agreement provides for a settlement amount of $2,456,500 and outlines a schedule by which Defendant AFN must make the necessary installment payments to Plaintiff. *See id.* at ¶ 6. Defendant JES has asserted that it was not involved in the underlying contractual relationship between Plaintiff and Defendant AFN. As such, the settlement agreement is entered into between Plaintiff and Defendant AFT. *See* Dkt. No. 24-4 at 3. The motion to vacate the default judgment, however, seeks vacatur of the judgment against both Defendants. *See id.*

According to the parties, the terms of the settlement agreement benefit Plaintiff by enabling it to collect the settlement amount and providing it with a structure for the payment and collection of those funds. *See* Dkt. No. 24-2 at ¶ 8. Defendant AFN is similarly benefitted by the settlement agreement in that it enables Defendant AFN to obtain credit to continue its operation, allows it to successfully pay the settlement amount, and provides it with a structure for orderly payment. *See* Dkt. No. 24-1 at ¶ 8. The settlement agreement specifically requires that an application to the Court be made to vacate the judgment and, if the Court vacate the judgment, the execution of a stipulation of dismissal of the action.

As set forth below, the parties' joint motion to vacate the default judgment is granted.

## II. DISCUSSION

**A.     Standard for Vacating Default Judgment**

Default judgment is an extreme sanction that is disfavored in the Second Circuit. *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001) ("It is well established that

default judgments are disfavored"); *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983).  Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure together provide the framework for vacating default judgments.  A court may vacate default judgment "for good cause" under Rule 55(c), or for any of the six enumerated bases listed under Rule 60(b): (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) "newly discovered evidence;" (3) fraud; (4) the judgment is void; (5) the judgment is moot or no longer equitable; and (6) "any other reason that justifies relief."

"[A]bsent 'exceptional circumstances,' parties are not entitled to vacatur" merely because of a subsequent settlement agreement.  *Redeemer Comm. of Highland Credit Strategies Funds v. Highland Capital Mgmt., L.P.*, 253 F. Supp. 3d 722, 723-24 (S.D.N.Y. 2017).  The Second Circuit and U.S. Supreme Court have cautioned against vacating judgments following settlements as a matter of course.  *See E. Savings Bank, fsb v. Strez*, 320 F.R.D. 9, 11 (E.D.N.Y. 2017) (citing *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994); *Mfrs. Hanover Trust Co. v. Yanakas*, 11 F.3d 381, 385 (2d Cir. 1993)).  "In determining whether to vacate judgment, a court must balance the benefits of honoring the parties' settlement agreement against the public interest in the finality of judgments and the development of decisional law."  *Austin v. Ford*, 181 F.R.D. 283, 285 (S.D.N.Y. 1998); *accord E. Savings Bank*, 320 F.R.D. at 11; *Jewelers Vigilance Comm., Inc. v. Vitale Inc.*, 177 F.R.D. 184, 186 (S.D.N.Y. 1998).

**B.     The Private Interests of the Parties in Obtaining Vacatur**

Here, the private interests of Plaintiff and Defendants would be greatly served by an order vacating the judgment.  Granting the requested relief would ensure that Plaintiff could collect the settlement amount and would provide Plaintiff with a structure for the payment and collection of those funds.  *See* Dkt. No. 24-2 at ¶ 8.  Vacatur would also benefit Defendant AFN by removing a

hurdle to its attempts at obtaining the necessary credit to continue its operation and enabling it to successfully pay the settlement amount with an orderly payment structure. *See* Dkt. No. 24-1 at ¶ 8.  Moreover, the fact that all parties join in the motion to vacate weighs strongly in favor of granting vacatur. *See E. Savings Bank*, 320 F.R.D. at 11.

C.      **Public's Interest in Preserving the Judgment**

When evaluating the public's interest in preserving the judgment, courts often consider the amount of judicial resources that were expended in rendering the judgment. *See Aetna Cas. & Sur. Co. v. Home Ins. Co.*, 882 F. Supp. 1355, 1358 (S.D.N.Y. 1995) (denying vacatur where the case had already proceeded to trial, which lasted twelve days); *see also Rana v. Islam*, No. 14-cv-1993, 2019 WL 2225847, *2 (S.D.N.Y. May 23, 2019) (holding that vacatur is inappropriate when it "'would condone wasteful utilization of the court's resources' and would perversely disincentivize settlement earlier in litigation") (quotation and other citation omitted).  Here, Plaintiff moved for default judgment less than three months after commencing this litigation.  While the Court issued a detailed Memorandum-Decision and Order granting Plaintiff's motion, considerably less time has been spent on this matter than would have been had the parties engaged in substantive motion practice.  As such, the Court finds that vacatur would not adversely affect the public's interest in judicial economy.

As the parties note, another factor courts consider when evaluating the public's interest in preserving judgments is the judgment's contribution to the development of decisional case law. *See Rana*, 2019 WL 2225847, at *2.  However, "the public's interest in preserving judicial precedent is 'less compelling when, as here, the judgment to be vacated is one of a federal district court' because '[d]istrict court decisions, unlike decisions of States' highest courts and federal courts of appeals, are not precedential in the technical sense.'" *Pitterman v. Gen. Motors, LLC*,

No. 14-cv-967, 2018 WL 6435902, *2 (D. Conn. Dec. 7, 2018) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 547 F.3d 109, 112 (2d Cir. 2008)).  Moreover, the public interest in preserving judgments is relatively small when, as here, the judgment at issue stems from a rather straightforward application of well-established legal principles.  *See Am. Home Assur. Co. v. Kuehne & Nagel (AG & CO.) KG*, No. 06-cv-6389, 2010 WL 1946718, *2 (S.D.N.Y. May 7, 2010) (holding that "the public interest in preserving the opinion is relatively small, given the narrow issues resolved in the Opinion").

Having considered the relevant factors, the Court grants the parties' joint motion to vacate.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth herein, the Court hereby

**ORDERS** that the parties' joint motion to vacate judgment (Dkt. No. 24) is **GRANTED**; and the Court further

**ORDERS** that the judgment entered on June 24, 2020 (Dkt. No. 17) is **VACATED**; and the Court further

**ORDERS** that the parties shall submit a stipulation of dismissal of this action within **thirty (30) days** of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 2, 2021
      Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge